**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**CAMERON MICHAEL TAYLOR,**

>**Plaintiff,**

>v.                                                                    **CASE NO. 23-3155-JWL**

**RICHARD COLBURN, et al.,**

>**Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed in forma pauperis. The Court dismisses Plaintiff's claims against the state court judge. The Court also finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate Finney County, Kansas officials.

**I.  Nature of the Matter before the Court**

Plaintiff claims that Richard Colburn, a Garden City Police Officer, violated Plaintiff's Fourth Amendment rights when he illegally arrested Plaintiff. (Doc. 1, at 1.) Plaintiff alleges that his arrest led to his wrongful prison sentence. *Id.* Plaintiff alleges that his conviction was overturned by the Kansas Court of Appeals. *Id.* Plaintiff also names as a defendant the state court judge that presided over his criminal case. *Id.* at 2.

Plaintiff alleges that he lost his case at trial and was sentenced to a 36-month term of incarceration. *Id.* Plaintiff alleges that his conviction was overturned on appeal. *Id.* Plaintiff claims that he "did over the 36 months due to a parole violation wherein [he] was on parole due to the wrongful imprisonment which leads to around 3 1/2 years wrongfully imprisoned." *Id.* Plaintiff seeks compensatory damages in the amount of $227,500, which represents $65,000 for each year he was wrongfully imprisoned. *Id.* at 5.

1

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a

2

claim to relief that is plausible on its face."  *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'"  *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

### 1.  Judicial Immunity

Plaintiff has named as a defendant the state court judge that presided over his state

criminal case.  State court judges are entitled to personal immunity.  "Personal immunities . . .

are immunities derived from common law which attach to certain governmental officials in order

that they not be inhibited from 'proper performance of their duties.'"  *Russ v. Uppah*, 972 F.2d

300, 302–03 (10th Cir. 1992) (citing *Forrester v. White*, 484 U.S. 219, 223, 225 (1988)).

Plaintiff's claims against the state court judge are dismissed on the basis of judicial

immunity.  A state judge is absolutely immune from § 1983 liability except when the judge acts

"in the clear absence of all jurisdiction."  *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)

(articulating broad immunity rule that a "judge will not be deprived of immunity because the

action he took was in error, was done maliciously, or was in excess of his authority . . . ."); *Hunt*

*v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994).  Only actions taken outside a judge's judicial

capacity will deprive the judge of judicial immunity.  *Stump*, 435 U.S. at 356–57.  Plaintiff

alleges no facts whatsoever to suggest that the defendant judge acted outside of his judicial

capacity.  Plaintiff's claims against Finney County District Court Judge Ricklin Pierce are

dismissed.

### 2.  Wrongful Arrest/Imprisonment

Plaintiff seeks damages for the time he spent incarcerated on a conviction that he alleges

was overturned in the appellate courts.  However, the Court cannot determine the status of his

state court criminal case or whether or not he would have been incarcerated on other offenses

during the relevant timeframe.

The Kansas Supreme Court found as follows:

> A jury found Cameron M. Taylor guilty of possession of
> marijuana, battery against a law enforcement officer, and
> intentional criminal threat.  A Court of Appeals panel reversed the
> marijuana conviction and ordered a new trial on the possession
> charge.  The panel also identified four other trial errors relating to
> the remaining convictions but determined they were individually

> and collectively harmless. Taylor seeks our review of that cumulative error holding. We reverse the panel and reverse Taylor's convictions of battery against a law enforcement officer and intentional criminal threat. We remand the case to the district court with directions to grant a new trial on those two charges as well.

*State v. Taylor*, 314 Kan. 166, 166–67, 496 P.3d 526 (Kan. Oct. 8, 2021). The docket for Plaintiff's underlying criminal case reflects that the mandate for the Supreme Court's decision was entered on November 15, 2021. *See State v. Taylor*, Case No. 2017-CR-226 (District Court of Finney County, Kansas). The docket does not reflect the scheduling of a new trial, and still shows closure of the case on September 12, 2017 due to "Jury Trial – Guilty Verdict." *Id*.

It also appears that Plaintiff had multiple criminal cases pending around the relevant timeframe. *See State v. Taylor*, Case No. 2015-CR-55 (District Court of Finney County, Kansas) (sentenced to 365 days on February 18, 2016); *State v. Taylor*, Case No. 19-CR-330 (District Court of Saline County, Kansas) (sentenced to time served on December 12, 2019); *State v. Taylor*, Case No. 2021-CR-204 (District Court of Finney County, Kansas) (sentenced to 12-months confinement on November 5, 2021).

The status of Plaintiff's remanded criminal case is unclear, and the Court is unable to determine whether or not the time Plaintiff served on Case No. 2017-CR-226 was credited to another sentence. The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate Finny County officials. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate officials of Finney County to prepare and file a *Martinez* Report. Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED** that Plaintiff's claims against Judge Ricklin Pierce are dismissed.

**IT IS FURTHER ORDERED** that**:**

(1)     The Finney County officials shall submit the *Martinez* Report by **August 21, 2023**.   Upon the filing of that Report, the Court will screen Plaintiff's Complaint.  If the Complaint survives screening, the Court will enter a separate order for service.

(2)     Finney County Officials are directed to undertake a review of the subject matter of the Complaint:

a.     To ascertain the facts and circumstances;

b.     To consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint; and

c.     To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Complaint and should be considered together.

(3)     Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff.  If the Finney County officials wish to file any exhibits or portions of the report under seal or without service on Plaintiff, they must file such portions separately from the public report and provisionally under seal, to be followed immediately by a Motion to Seal or Redact Document(s).  The Finney County officials are exempt from filing the Notice of Proposed Sealed Record under D. Kan. Rule 5.4.2(b).

(4)     Statements of all witnesses shall be in affidavit form.  Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the

reports of medical or psychiatric examinations shall be included in the written report.  Any recordings related to Plaintiff's claims shall also be included.

     (5)     Authorization is granted to the officials of Finney County to interview all witnesses having knowledge of the facts, including Plaintiff.

     (6)     No motion addressed to the Complaint shall be filed until the *Martinez* Report required herein has been prepared.

     (7)     Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed any Court-ordered answer or response to the Complaint. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter the Finney County Sheriff as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein.  Upon the filing of that report, the Sheriff may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, to the Finney County Sheriff, and to the District Attorney for Finney County, Kansas.

**IT IS SO ORDERED**.

**Dated July 24, 2023, in Kansas City, Kansas.**

                    **S/  John W. Lungstrum**
                    **JOHN W. LUNGSTRUM**
                    **UNITED STATES DISTRICT JUDGE**