IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CAMERON MICHAEL TAYLOR,

    Plaintiff,

v.                                                                    CASE NO. 23-3155-JWL

RICHARD COLBURN, et al.,

    Defendants.

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed in forma pauperis. On July 24, 2023, the Court entered a Memorandum and Order (Doc. 4) ("M&O") dismissing Plaintiff's claims against the state court judge and finding that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate Finney County, Kansas officials. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court ordered the appropriate officials of Finney County to prepare and file a *Martinez* Report. The M&O provides that "[o]nce the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915A." (Doc. 4, at 5.) The *Martinez* Report (Doc. 13) (the "Report") has now been filed. The Court's screening standards are set forth in the Court's M&O.

**I. Nature of the Matter before the Court**

Plaintiff claims that Richard Colburn, a Garden City Police Officer, violated Plaintiff's Fourth Amendment rights when he illegally arrested Plaintiff. (Doc. 1, at 1.) Plaintiff alleges that his arrest led to his wrongful prison sentence. *Id*. Plaintiff alleges that his conviction was overturned by the Kansas Court of Appeals. *Id*.

1

Plaintiff alleges that he lost his case at trial and was sentenced to a 36-month term of incarceration. *Id*. Plaintiff alleges that his conviction was overturned on appeal. *Id*. Plaintiff claims that he "did over the 36 months due to a parole violation wherein [he] was on parole due to the wrongful imprisonment which leads to around 3 1/2 years wrongfully imprisoned." *Id*. Plaintiff seeks compensatory damages in the amount of $227,500, which represents $65,000 for each year he was wrongfully imprisoned. *Id*. at 5.

Plaintiff seeks damages for the time he spent incarcerated on a conviction that he alleges was overturned in the appellate courts. The Kansas Supreme Court found as follows:

> A jury found Cameron M. Taylor guilty of possession of marijuana, battery against a law enforcement officer, and intentional criminal threat. A Court of Appeals panel reversed the marijuana conviction and ordered a new trial on the possession charge. The panel also identified four other trial errors relating to the remaining convictions but determined they were individually and collectively harmless. Taylor seeks our review of that cumulative error holding. We reverse the panel and reverse Taylor's convictions of battery against a law enforcement officer and intentional criminal threat. We remand the case to the district court with directions to grant a new trial on those two charges as well.

*State v. Taylor*, 314 Kan. 166, 166–67, 496 P.3d 526 (Kan. Oct. 8, 2021). The Court noted in the M&O that the docket for Plaintiff's underlying criminal case reflects that the mandate for the Supreme Court's decision was entered on November 15, 2021. *See State v. Taylor*, Case No. 2017-CR-226 (District Court of Finney County, Kansas). The docket does not reflect the scheduling of a new trial, and still shows closure of the case on September 12, 2017 due to "Jury Trial – Guilty Verdict." *Id*.

The Court also noted in the M&O that it also appears that Plaintiff had multiple criminal cases pending around the relevant timeframe. *See State v. Taylor*, Case No. 2015-CR-55 (District Court of Finney County, Kansas) (sentenced to 365 days on February 18, 2016); *State v.*

2

*Taylor*, Case No. 19-CR-330 (District Court of Saline County, Kansas) (sentenced to time served on December 12, 2019); *State v. Taylor*, Case No. 2021-CR-204 (District Court of Finney County, Kansas) (sentenced to 12-months confinement on November 5, 2021).

The Court found that the status of Plaintiff's remanded criminal case was unclear, and that the Court was unable to determine whether or not the time Plaintiff served on Case No. 2017-CR-226 was credited to another sentence. The Court found that the proper processing of Plaintiff's claims could not be achieved without additional information from appropriate Finny County officials. The Court ordered a *Martinez* Report because the Court could not determine the status of his state court criminal case or whether or not he would have been incarcerated on other offenses during the relevant timeframe.

## II. The Report

The Report provides that on April 26, 2017, Plaintiff was booked into the Finney County Jail for the three crimes charged in Case No. 2017-CR-226—battery against a law enforcement officer, possession of marijuana, and criminal threat against a law enforcement officer. (Doc. 13, at 2.) Plaintiff was convicted on September 13, 2017, and sentenced to a term of 21 months of imprisonment and 12 months of post-release supervision. *Id*. Plaintiff was transferred to the El Dorado Correctional Facility ("EDCF") on December 28, 2017. *See* Doc. 13–9, at 5; Doc. 13–10, at 3.

Plaintiff was paroled and released to community corrections on April 8, 2019. (Doc. 13, at 2; Doc. 13–10, at 3.) While on parole, warrants were issued for Plaintiff's arrest on April 29 and May 2, 2019. *Id*. Plaintiff was returned to EDCF on December 19, 2019, for a parole violation. (Doc. 13–10, at 2.) Plaintiff's sentence for Case No. 2017-CR-226 expired on April 8, 2020. (Doc. 13, at 3; Doc. 13–10, at 2.)

On October 30, 2020, after the expiration of Plaintiff's sentence, the Kansas Court of Appeals reversed the conviction for possession and remanded the case for a new trial on that charge. (Doc. 13, at 3; Doc. 13–2, at 48–78.) Plaintiff petitioned for review, and on October 8, 2021, the Kansas Supreme Court vacated the two remaining convictions (for battery against a law enforcement officer and criminal threat) and the case was remanded to the district court for a new trial on all charges. *Id*. The Report provides that "2017-CR-226 was dismissed without prejudice because, in part, Taylor had fully served any sentence that might be imposed." *Id*.

The Report sets forth subsequent charges brought against Plaintiff, but provides that "[a]ll instances of detention in the Finney County Jail for Taylor since his conviction and commitment to EDCF on December 28, 2017, have been (1) after the expiration of his sentence in 2017-CR-226 and (2) unrelated to Taylor's conviction and sentence in 2017-CR-226." *Id*. at 5.

## III.  State Court Decisions

The Kansas Court of Appeals ("KCOA") reversed Plaintiff's conviction for possession of marijuana, finding that the district court erred in denying Plaintiff's motion to suppress the drugs as the product of an unconstitutional search and seizure. *State v. Taylor*, 474 P.3d 1264 (Table), 2020 WL 6371061 (Kan. Ct. App. Oct. 30, 2020). The KCOA remanded to the district court with directions to both suppress the marijuana and to grant Plaintiff a new trial on the possession charge. *Id*. The KCOA found that:

> Based on the totality of the circumstances, there was no voluntary encounter between Colburn and Taylor. Colburn stopped his patrol car, got out, and ordered Taylor over to him. Not to put too fine a point on it, that's not voluntary. A reasonable person would not feel free to walk away from a fully uniformed, armed law enforcement officer making a specific command to that person to come to the officer. *See State v. Guein*, 309 Kan. 1245, 1255–56, 444 P.3d 340 (2019). The dynamic is both factually and legally

> more oppressive than an officer simply walking up to a person on the street and asking neutral, nonaccusatory questions. An officer exerts a degree of dominion and control with a command requiring a person to move in a particular manner or to a particular place that undoes a sense of choice about compliance and substitutes something approaching compulsion. 309 Kan. at 1255–56 (reasonable persons would view encounters as involuntary when "officers *immediately* exert their authority . . . without advising [persons they are ] free to leave"); *State v. Epperson*, 237 Kan. 707, 713–14, 703 P.2d 761 (1985) (Two individuals were seized or detained for Fourth Amendment purposes when a law enforcement officer told them to "[w]ait a minute" as they were walking away from their lawfully parked car, and the officer immediately began questioning them about why they were there.).
>
> Colburn's detention or seizure of Taylor would have been constitutionally permissible at the outset if it were a proper investigatory or *Terry* stop. But Colburn had no articulable factual basis to suspect Taylor of immediate criminal conduct as he walked down the street. Colburn testified that he saw nothing to indicate Taylor had just committed a crime, was in the process of committing a crime, or was about to commit a crime—the circumstances justifying an investigatory stop. Taylor's presence in what Colburn described as an area with a high incidence of drug trafficking did not justify an investigatory stop, even assuming the description was accurate. *See Illinois v. Wardlow*, 528 U.S. 119, 124, 120 S. Ct. 673, 145 L. Ed. 2d 570 (2000) ("An individual's presence in an area of expected criminal activity, standing alone, is not enough to support a reasonable, particularized suspicion that the person is committing a crime."); *State v. Anguiano*, 37 Kan. App. 2d 202, 207, 151 P.3d 857 (2007) (same).

*Id*. at *3–4.

The KCOA also found that the information from a police roll call, at which a detective announced that Plaintiff had been seen with a handgun and an unspecified amount of methamphetamine, was too remote and unreliable to support an investigative stop. *Id*. at *4. The court found that "Colburn, therefore, had no reasonable basis compatible with the Fourth Amendment to detain Taylor. . . [and] unconstitutionally seized Taylor." *Id*. at *5. The court found that "Colburn's pat-down search, yielding the marijuana, flowed directly and really

5

inextricably from his unconstitutional seizure of Taylor . . . [t]here was no causal break or intervening event attenuating the seizure and the search." *Id*. (citations omitted).  However, the court found that "[t]he district court properly declined to suppress evidence supporting the charges against Taylor for battery on a law enforcement officer and criminal threat." *Id*. at *8.  The KCOA recognized four additional trial errors relating to the remaining convictions but determined they were individually and collectively harmless.

Plaintiff sought review of the cumulative error holding and the Kansas Supreme Court reversed the convictions for battery against a law enforcement officer and intentional criminal threat.  *State v. Taylor*, 314 Kan. 166, 167 (2021).  The Kansas Supreme Court remanded the case with directions to the district court to grant a new trial on those two charges as well.  *Id*.  The court found that the KCOA should have also considered the district court's error regarding the marijuana evidence in its analysis of cumulative error.  *Id*. at 173.  The court stated that "the marijuana evidence's wrongful admission can be easily seen as prejudicing his right to a fair trial on the remaining battery and threat charges . . . ." *Id*. at 175.

## IV. Discussion

Plaintiff claims that he was illegally arrested by Officer Colburn in violation of the Fourth Amendment.[1]  (Doc. 1, at 1.)  In his request for relief, he states that "State of Kansas wrongful imprisonment is $65,000 a year wrongfully imprisoned." *Id*. at 5.

The state court reversed Plaintiff's conviction for possession of marijuana, finding that the district court erred in denying Plaintiff's motion to suppress the drugs as the product of an unconstitutional search and seizure.  The remaining two charges were also reversed and

---

[1] Although Plaintiff also alleges unjust conviction and imprisonment under 28 U.S.C. § 2513, that statute is inapplicable in this case.  The statute sets forth what must be alleged by a person suing under § 1495.  *See* 28 U.S.C. § 2513.  Section 1495 provides that "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495.  Plaintiff's claims involve state court criminal proceedings.

6

remanded, with a finding that the marijuana evidence's wrongful admission can be easily seen as prejudicing his right to a fair trial on the remaining battery and threat charges.

In summary, the Report finds that Plaintiff fully served his sentence for his 2017 conviction, his convictions were vacated, and the case was dismissed—in part because Plaintiff had fully served his sentence. During the relevant time, Plaintiff was only serving time on the 2017 sentence and was not serving time on any other charge. (Doc. 13, at 5.)

## V. Conclusion

The Court finds that Plaintiff's Complaint survives screening under 28 U.S.C. § 1915A. The Court will order Defendant Colburn to answer or otherwise respond to the Complaint.

**IT IS THEREFORE ORDERED BY THE COURT** that the Clerk is directed to prepare summons pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure to be served upon Defendant Colburn by the U.S. Marshal at no cost to Plaintiff.

**IT IS FURTHER ORDERED** that the Clerk shall redact Plaintiff's social security number and date of birth on pages 1 and 4 of Doc. 13–2; each page of Doc. 13–9.

**IT IS SO ORDERED**.

**Dated December 15, 2023, in Kansas City, Kansas.**

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE