**In the United States District Court
for the District of Kansas**

———————

Case No. 5:23-cv-03155-TC-TJJ

———————

CAMERON MICHAEL TAYLOR,

*Plaintiff*

v.

RICHARD COLBURN ET AL.,

*Defendants*

———————

**MEMORANDUM AND ORDER**

Cameron Taylor, proceeding pro se and in forma pauperis, sued Garden City, Kansas police officer Richard Colburn for arresting him illegally in violation of his rights under the Fourth Amendment. Doc. 1. Garden City moves to dismiss Taylor's official-capacity claim. Doc. 20. For the following reasons, that motion is granted.

**I**

**A**

**1.** A federal district court may grant a motion to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, the complaint need only contain "a short and plain statement … showing that the pleader is entitled to relief" from each named defendant. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Two "working principles" underlie this standard. *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). First, a court ignores legal conclusions, labels, and any formulaic recitation of the elements. *Penn Gaming*, 656 F.3d at 1214. Second, a court accepts as true all remaining allegations and logical inferences and asks whether the claimant has alleged facts that make his or her claim plausible. *Id.*

1

A claim need not be probable to be considered plausible. *Iqbal*, 556 U.S. at 678. But the facts, viewed in the light most favorable to the claimant, must move the claim from conceivable to plausible. *Id.* at 678–80. The "mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

Plausibility is context specific. The requisite showing depends on the claims alleged, and the inquiry usually starts with determining what the plaintiff must prove at trial. *See Comcast Corp. v. Nat'l Assoc. of African Am.-Owned Media*, 589 U.S. 327, 332 (2020). In other words, the nature and complexity of the claim(s) define what plaintiffs must plead. *Cf. Robbins v. Oklahoma*, 519 F.3d 1242, 1248–49 (10th Cir. 2008) (comparing the factual allegations required to show a plausible personal injury claim versus a plausible constitutional violation with multiple defendants).

**2.** When a plaintiff, such as Taylor, proceeds pro se, a court must construe his pleadings generously. *See Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). That generosity means a court should overlook the failure to properly cite legal authority, confusion of various legal theories, and apparent unfamiliarity with pleading requirements. *Id.* But it does not permit a court to construct legal theories on his behalf or assume facts not plead. *See id.*; *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

**3.** Ordinarily, a motion to dismiss is decided on the basis of the pleadings alone. *See Cuervo v. Sorenson*, 112 F.4th 1307, 1312 (10th Cir. 2024) (reversing district court for considering matters outside the pleading). But "[w]hen the pro se plaintiff is a prisoner, a court authorized investigation and report by prison officials (referred to as a *Martinez* Report) […] may be necessary to develop a record sufficient to ascertain whether there are any factual or legal bases for the prisoner's claims." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (referring to a report prepared consistent with *Martinez v. Aaron*, 570 F.2d 317, 318–19 (10th Cir. 1978)).

Usage of the information within a *Martinez* Report at the motion to dismiss stage depends on plaintiff's allegations. Generally speaking, a district court reviewing cannot use a *Martinez* Report to contradict

2

facts pled by the plaintiff or otherwise resolve factual disputes. *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010); *Winkel v. Hammond*, 704 F. App'x 735 (10th Cir. 2017) (reversing a district court for dismissing a detainee's claim on a 12(b)(6) because it relied on contested facts from the *Martinez* Report). But a district court may use uncontroverted facts from a *Martinez* Report to dismiss a claim. *Gallagher v. Shelton*, 587 F.3d 1063, 1067 n.7 (10th Cir. 2009). A fact asserted in the *Martinez* Report will be deemed uncontroverted if the plaintiff fails to provide information that would contest that particular fact. *Nickelberry v. Pharaoh*, 221 F.3d 1352 (10th Cir. 2000); *see also Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) ("A bona fide factual dispute exists even when the plaintiff's factual allegations that are in conflict with the *Martinez* [R]eport are less specific or well-documented than those contained in the report.").

**B**

The background of this dispute is long, varied, and complicated. But the legal issue presented by the current motion is not. As a result, only limited factual and procedural history is provided.[1]

Taylor filed suit under 42 U.S.C. § 1983 alleging that a Garden City police officer, Richard Colburn, arrested him illegally in violation of his Fourth Amendment rights. Doc. 1 at 1.[2] The Complaint asserts a claim against Colburn in both his individual and official capacities. *Id.*

Taylor's Complaint provides practically no details of the arrest or the circumstances surrounding. He simply expresses that Colburn was an "officer of law" that arrested him illegally while "acting under the color of state law," leading to a wrongful three-and-a-half-year prison sentence that he served but that was eventually overturned in the Kansas Courts of Appeals. Doc. 1 at 1–2.

---

[1] A more expansive contextual background can be found in the *Martinez* Report, Doc. 13, a prior Memorandum and Order, Doc. 14, and the decisions of the Kansas appellate courts concerning his arrest, conviction, prosecution, and related events, *State v. Taylor*, 496 P.3d 526 (Kan. 2021), and *State v. Taylor*, No. 118,792, 2020 WL 6371061, (Kan. Ct. App. Oct. 30, 2020).

[2] All references to the parties' briefs are to the page numbers assigned by CM/ECF.

Garden City, the entity against whom the official-capacity claim was directed, moved to dismiss Taylor's official-claim for failure to state a claim upon which relief may be granted. Doc. 20. It argues that "Taylor does not allege facts regarding any constitutional violation caused by any custom, practice or policy of Garden City." Doc. 20 at 5.

Taylor did not file a response. A show cause order was issued on February 29, 2024, directing Taylor to explain why his action should not be dismissed for failure to state a claim or prosecute under Federal Rule 41(b).[3] Doc. 23. Taylor filed a response to the show cause order, but it failed to address any argument in the pending motion or explain why the claim should not be dismissed for lack of prosecution. Doc. 25. Instead, it simply asked for his action to not be dismissed because he has been incarcerated since August of 2022. Doc. 25 at 2.

## II

Taylor has failed to allege any facts that would make Garden City liable for Colburn's alleged unconstitutional conduct. As a result, Garden City's motion to dismiss, Doc. 20, is granted. And Taylor is ordered to show cause, by December 13, 2024, why his individual-capacity claim against Colburn should not be dismissed for failure to prosecute.

### A

Taylor brings his claims against Colburn in his individual and official capacity pursuant to 42 U.S.C. § 1983. That statute provides that

---

[3] Taylor had twenty-one days after Garden City's motion was served to file a response. *See* D. Kan. R. 6.1(d)(1). Taylor did not do so, and did not request leave to file a response, either. Normally, such failure to respond leads to an uncontested motion like Garden City's to be granted. *See* D. Kan. R. 7.1(c). But the Tenth Circuit has held that "a district court may not grant a motion to dismiss for failure to state a claim 'merely because [a party] failed to file a response.'" *Issa v. Comp USA*, 354 F.3d 1174, 1177–78 (10th Cir. 2003) (quoting *Reed v. Bennet*, 312 F.3d 1190, 1194 (10th Cir. 2002)). Instead, it must "still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Issa*, F.3d at 1178. As such, Taylor's Complaint is still examined for whether he has stated a claim upon which relief can be granted. *See id.*

"[e]very person who, under color of [state law,] subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. It creates no substantive rights but merely provides a mechanism for enforcing a right conferred by the Constitution or a federal statute. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002); *see also Talevski*, 599 U.S. 166, 174–75 (2023).

By asserting a claim against Colburn in his official capacity, Taylor is really asserting a claim against the entity for whom Colburn was employed. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (applying *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)); *accord Cox v. Glanz*, 800 F.3d 1231, 1254 (10th Cir. 2015). To establish liability against the entity, a plaintiff must allege that his harm was caused by a constitutional violation committed by the entity's agent, *Camuglia v. City of Albuquerque*, 448 F.3d 1214, 1223 (10th Cir. 2006), and that the municipality's custom, policy, or practice caused the unconstitutional conduct, *Monell*, 436 U.S. at 694–95. *See generally Prince v. Sheriff of Carter Cnty.*, 28 F.4th 1033, 1048–49 (10th Cir. 2024). Respondeat superior is an insufficient basis for such liability. *See Est. of Beauford v. Mesa Cnty.*, 35 F.4th 1248, 1274–75 (10th Cir. 2022); *see also Hinkle v. Beckham Cty. Bd. of Cty. Comm'rs*, 962 F.3d 1204, 1239–40 (10th Cir. 2020) (describing the means of imposing liability on an entity that employs a tortfeasor).

Garden City argues that, "[a]s to defendant Colburn's alleged conduct, plaintiff Taylor does not allege facts regarding any constitutional violation caused by any custom, practice or policy of Garden City." Doc. 20 at 5. That is true: Taylor does not allege any facts in his Complaint that Colburn acted pursuant to an official municipal custom, policy, or any other basis to believe that Garden City could be considered responsible for any unconstitutional conduct attributable to Colburn. *See* Doc. 1 at 1–5. As a result, Garden City's motion to dismiss the official-capacity claim is granted. *See Waller v. City and Cnty. of Denver*, 932 F.3d 1277 (10th Cir. 2019) (affirming the district court's dismissal of a Section 1983 claim against a municipality).

## B

While the official-capacity claim has been dismissed, that still leaves the individual-capacity claim against Colburn. But the record suggests he has not yet been served.

Under the Federal Rules of Civil Procedure, a plaintiff must effect service "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). One avenue to do so is under Fed. R. Civ. P. 4(e)(1), which allows for service by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. *Id.*

In Kansas, the relevant law to serve an individual is Kan. Stat. Ann. § 60-304(a). It provides that service by return receipt delivery "must be addressed to an individual at the individual's dwelling or usual place of abode and to an authorized agent at the agent's usual or designated address." *Id.* But if, and only if the "return receipt delivery to the individual at the individual's dwelling or usual place of abode was refused or unclaimed" and the "sheriff, party or party's attorney files a return of service stating" as much, can service be completed by "return receipt delivery, addressed to the individual at the individual's business address." *Id.* In other words, service by return receipt delivery upon an individual must first be attempted at the individual's dwelling or usual place of abode before service by return receipt delivery can be attempted at the individual's business address.

Taylor evidently attempted service on Colburn in his individual capacity by certified mail under Kan. Stat. Ann. § 60-304(a). Doc. 16. But it was sent to his business address *first* instead of his dwelling or usual place of abode, in contravention of the statute. *See* Docs. 16 & 18. Additionally, the required return of service stating that the return receipt delivery was refused or unclaimed at his dwelling or usual place of abode was not filed as required by the rule, either. *See* Kan. Stat. Ann. § 60-304(a). For these reasons, service was not properly effectuated under Fed. R. Civ. P. 4(e)(1), nor within the ninety-day time limit as required by Fed. R. Civ. P. 4(m). *See Wanjiku v. Johnson Cnty.*, 173 F. Supp. 3d 1217, 1228–31 (D. Kan. 2016) (holding that attempted service on an officer at his business address first was insufficient under Kansas law and Federal Rule of Civil Procedure 4(e)(1)).

Dismissal for failure to prosecute appears proper. *Petersen v. MetLife Long Term Care Ins.*, 820 F. App'x 815, 817 (10th Cir. 2020) (affirming district court's dismissal of a Section 1983 action where pro se plaintiff failed to prosecute and effect service); *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (explaining that a district court has discretion to dismiss an action for failure to prosecute). But Fed. R. Civ. P 4(m) requires notice to be given to Taylor before dismissing his complaint for failing to serve a

defendant. *Id.* That is because the Tenth Circuit requires courts to inquire whether "the plaintiff has shown good cause for the failure to timely effect service" before dismissing. *Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000). *See also Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir. 1995).

A plaintiff bears the burden of demonstrating that they had good cause to miss the service deadline. *See* Fed. R. Civ. P. 4(m). And good cause is something more than inadvertence, neglect, or ignorance of the rules. *In re Kirkland*, 86 F.3d 172, 174, 176 (10th Cir. 1996) (instructing that pro se litigants are bound to follow federal service rules). It "comes into play in situations where there is no fault—excusable or otherwise," and the need for an extension is due to something outside the plaintiff's control. *Bishop v. Corsentino*, 371 F.3d 1203, 1207 (10th Cir. 2004). In other words, a plaintiff must offer "some showing of good faith . . . and some reasonable basis for noncompliance with the time specified," and "must show meticulous efforts to comply with the rule." *Kirkland*, 86 F.3d at 175–76.

Given that this action was filed on June 30, 2023, but Taylor has not yet served Colburn in his individual capacity. Taylor is provided notice and is directed to show good cause for failing to effect service on Colburn in his individual capacity in a timely manner before his action is dismissed pursuant to Fed. R. Civ. P. 4(m). Any response by Taylor shall be filed by December 13, 2024. Unless good cause can be shown, the matter will be dismissed without further warning.

### III

For the foregoing reasons, Garden City's Motion to Dismiss, Doc. 20, is GRANTED and Taylor is ordered to show cause on or before December 13, 2024, why his individual-capacity claim(s) against Colburn should not be dismissed.

It is so ordered.

Date: November 22, 2024         s/ Toby Crouse
                                Toby Crouse
                                United States District Judge

7